# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| **ACE AMERICAN INSURANCE COMPANY** <br> 436 Walnut Street <br> Philadelphia, Pennsylvania 19106 <br><br> Plaintiff, <br><br> and <br><br> v. <br><br> **MICHAEL MARRA, INC.** <br> 30-32 Industrial Drive <br> Cliffwood Beach, New Jersey 07735 <br><br> Defendant | CIVIL ACTION NO. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, ACE American Insurance Company, by and through their undersigned counsel, complaining of defendant, hereby aver, upon information and belief, as follows:

## PARTIES

1. Plaintiff, ACE American Insurance Company (hereinafter "ACE"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106, which at all times relevant hereto, was engaged in the insurance business and was duly authorized and licensed to issue insurance policies in the State of New Jersey.

2. Defendant, Michael Marra, Inc. (hereinafter "Mara"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 30-32 Industrial Drive, Cliffwood Beach, New Jersey 07735, which at all times relevant hereto, was engaged in the construction business specializing in petroleum industry and petroleum storage facilities.

## JURISDICTION AND VENUE

3. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper in this District based on 28 U.S.C. § 1391(a) as the event giving rise to this claim occurred within this District.

## GENERAL ALLEGATIONS

5. At all times material hereto, Plaintiff ACE insured Tropicana Entertainment, Inc. and Tropicana Atlantic City Corporation, d/b/a Tropicana Casino & Resort (hereinafter collectively "Tropicana"), at 2831 Boardwalk, Atlantic City, New Jersey (hereinafter "the Property").

6. Prior to June 10, 2014, Tropicana contracted with Defendant Marra to upgrade the underground heating oil storage tanks and their associated fuel lines for the South Tower building at the Property.

7. Prior to June 10, 2014, Defendant Marra capped, shut off, failed to open and/or disconnected the fuel return line during the UST system upgrades.

8. On June 10, 2014, oil backed-up from the capped, shut off, closed and/or disconnected fuel return line during a routine test of the emergency generator system at the Property, causing an oil leak resulting in the loss of over 500 gallons of No. 2 heating oil at and within the Property (hereinafter "the Leak").

9. As a result of the Leak, Tropicana sustained severe and extensive damage to its real and business property, including but not limited to the costs to contain and remediate the oil leak.

10. Pursuant to the terms and conditions of the policy of insurance, Plaintiff ACE has and will make payments to Tropicana in an amount in excess of Seventy-Five Thousand Dollars

($75,000), representing the fair and reasonable value of and/or cost to repair the damages and to complete the environmental remediation until completed and approved by the local, state and federal agencies monitoring the remediation.

11. In accordance with the common law principles of equitable and/or legal subrogation and the terms of the insurance policy, Plaintiff ACE is subrogated to the rights of Tropicana, to the extent of its payments.

## **COUNT I –NEGLIGENCE**

12. Plaintiff incorporates by reference the preceding averments, as though fully set forth herein at length.

13. As the contractor for the upgrade to the underground heating oil storage tanks and their associated fuel lines for the South Tower building at the Property, Defendant Marra owed Plaintiff's insured, Tropicana, a duty to coordinate and oversee the work in a proper, safe and workmanlike manner.

14. The Leak and the resulting damages from the Leak were caused by the negligence, gross negligence, carelessness and/or recklessness of Defendant Marra, acting by and through its agents, servants and/or employees, acting within the course and scope of their employment, as follows:

    a) failing to employ and hire agents, servants, employees and/or sub-contractors with proper knowledge, training and experience in the construction of heating oil storage tanks and work related to associated fuel lines;

    b) failing to employ and hire agents, servants, employees and/or sub-contractors with proper knowledge, training and experience in the steps necessary to undertake heating oil storage tank construction work and work related to associated fuel lines;

    c) failing to properly manage and supervise its agents, servants, employees and/or sub-contractors during the heating oil storage tank construction work and work related to associated fuel lines;

3

d) failing to properly train, oversee and supervise its agents, servants, employees and/or sub-contractors;

e) failing to properly and adequately supervise and inspect the work of its agents, servants, employees and/or sub-contractors;

f) improperly capping, shutting off, closing and/or disconnecting the return line for the heating oil storage tanks at the Property;

g) failing to open and/or keep open the return line for the heating oil storage tanks at the Property during its works and services;

h) failing to coordinate the construction of the heating oil storage tanks and the opening, closing, and/or capping of any related supply and/or return lines so as to ensure that no oil was leaking or at risk of leaking at the Property;

i) failing to inspect the oil storage system and related supply and/or return lines upon completion of its daily work to ensure that no oil was leaking or at risk of leaking at the Property;

j) failing to provide proper and adequate planning and/or precautions for the coordination of the heating oil storage tank construction and work related to associated fuel lines with the routine, known and/or expected operations of Tropicana's systems so as to ensure that no oil was leaking or at risk of leaking at the Property;

k) performing its work and services in a manner that created an unreasonable risk of an oil leak and environmental hazards;

l) causing an oil leak while upgrading Tropicana's heating oil storage tanks and working on their associated fuel lines;

m) creating unsafe condition by leaving the return line for the heating oil storage tanks closed, disconnected, capped and/or not in proper working order during its work and services at the Property;

n) failing to warn Tropicana about the hazardous condition of the related supply and/or return lines during its work and services at the Property;

o) violating applicable building and safety codes;

p) failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable State of New Jersey building and safety codes and standards, and industry standards, customs and practices; and

       q)     otherwise failing to use due care as required under the circumstances.

15. As a direct and proximate result of Defendant's negligence, gross negligence, carelessness, and/or recklessness, the Leak occurred and resulted in severe and extensive damages and environmental hazards.

WHEREFORE, Plaintiff ACE hereby demands judgment in its favor and against Defendant Marra, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, costs and such other and further relief as this Court deems proper.

## **COUNT II –BREACH OF CONTRACT**

16. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

17. Plaintiff's insured, Tropicana, hired Defendant Marra to upgrade the underground heating oil storage tanks and their associated fuel lines for the South Tower building at the Property.

18. The aforementioned Leak and resulting damages were directly and proximately caused by Defendant Marra's breach of contract in failing to perform its work and services in a good, safe, and workmanlike manner; violating applicable industry and safety codes, and customs and practices; and failing to exercise reasonable care in performing its work and services.

19. As a direct and proximate result of Defendant Marra's breaches of contract, the Leak occurred and resulted in severe and extensive damages and environmental hazards.

WHEREFORE, Plaintiff ACE hereby demands judgment in its favor and against Defendant Marra, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, costs and such other and further relief as this Court deems proper.

## COUNT III – BREACH OF WARRANTY

20. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

21. Plaintiff's insured, Tropicana, hired Defendant Marra to upgrade the underground heating oil storage tanks and their associated fuel lines for the South Tower building at the Property.

22. By undertaking to perform this work and services, Defendant Marra expressly and/or impliedly warranted that it would perform its work and services in a good, proper, safe and workmanlike manner.

23. Defendant Marra breached its express and/or implied warranties, including the warranty of workmanlike performance, by failing to perform its work and services in a good, proper, safe and workmanlike manner, thereby causing the Leak.

24. As a direct and proximate result of Defendant Marra's breaches of warranties, the Leak occurred and resulted in severe and extensive damages and environmental hazards.

WHEREFORE, Plaintiffs ACE hereby demands judgment in its favor and against Defendant Marra, in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, costs and such other and further relief as this Court deems proper.

COZEN O'CONNOR, a Pennsylvania Professional Corporation

/s/ Joseph F. Rich
Kevin J. Hughes, Esquire
I.D. No. 035201987
Joseph F. Rich, Esquire
I. D. No. 017822003
475 Haddonfield Road, Suite 300
P. O. Box 5459
Cherry Hill, New Jersey 08002-2220
Telephone: (856) 910-5000
Facsimile: (856) 910-5057
khughes@cozen.com
jrich@cozen.com

ATTORNEYS FOR PLAINTIFF